IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3178-D

ANTOIN JERROD WATKINS, )
)
           Plaintiff, )
)
v. ) **ORDER**
)
JA'BARRI DAVIS, et al., )
)
           Defendants. )

On June 21, 2021, the Honorable Terrence W. Boyle reviewed a complaint that Antoin Jerrod Watkins ("Watkins" or "plaintiff") filed with two other inmates and concluded that it did not meet the criteria for permissive joinder. See Order [D.E. 1-2] 1–2. Judge Boyle directed the clerk to open a separate action for Watkins, directed Watkins to file his own complaint on or before July 9, 2021, and sent Watkins a form complaint to assist him in complying with the order. See id. 2. On November 15, 2021, Judge Boyle denied Watkins's motions for reconsideration and directed Watkins to "make any more filings only in [this] action." Order at 2, Newell v. Davis, No. 5:21-CT-3129-BO (E.D.N.C. Nov. 15, 2021), [D.E. 24]. On November 17, 2021, the court directed Watkins to file an amended complaint [D.E. 2].

On December 7, 2021, Watkins filed his amended complaint [D.E. 3]. As explained below, the court dismisses the action for failure to state a claim.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable

basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Watkins is incarcerated at Tabor City Correctional Institution. Am. Compl. [D.E. 3] 2. The allegations of Watkins's complaint arose at Warren Correctional Institution ("Warren"). See id. at 5. Watkins alleges that on February 17, 2021, defendant Reams, a Warren unit manager, "called [Watkins] to his office and told [Watkins] [his] outside rec was taken from [him] for 90 days." Id. "Anytime" Watkins attempted to ignore Reams's directive and "go outside," unspecified prison personnel "made [Watkins] go back in and threaten[ed] to write [him] up and send [him] to the hole."[1] Id. Watkins does not allege that he was actually transferred to segregation or that he was

---

[1] On February 18, 2021, Watkins received a disciplinary infraction for disobeying an order. See N.C. Dep't of Pub. Safety, Offender Pub. Info., https://webapps.doc.state.nc.us/opi/offender

2

denied all recreation during the 90 days, but does allege that he suffered "emotional stress" as a result of the lack of outside recreation. Id. at 6.

Next, Watkins alleges that on May 5, 2021, Reams "came in the block and took [Watkins's] extra mattress ignoring the fact that [Watkins] got a doctor note due to [his] medical condi[]tion[.]" Am. Compl. at 5–7. As a result, Watkins suffered back pain "to the point where it was hard for [him] to walk." Id. at 5–6. Watkins also alleges that Reams and other prison staff "kept throwing [his] grievances away" which "made it hard for [him] to get any kind of help[,]" id. at 6, but does not allege that he was denied medical attention for his back or that any prison staff member prevented him from submitting sick call forms. However, Watkins contends that prison staff "know I have back problems" and believes that they confiscated the extra mattress because "they wanted my back to give out on me . . . out of spite due to all the grievances I kept writing on them." Id. at 7.

Finally, Watkins alleges that on May 9, 2021, defendant Davis, a Warren correctional officer, "was being verbally abusive and antagonistic towards" Watkins when she "threaten[ed] to deny [Watkins] a meal and to throw it on the floor and make [Watkins] eat it." Id. at 5. Additionally, when Watkins again attempted to "go outside" Davis "threaten[ed] to write [him] up and put [him] in the hole."[2] Watkins contends that Davis's "verbal vulgar abuse has been a longstanding problem" and violated a prison policy requiring her "to effectively communicate[.]" Id. Watkins seeks

---

search.do?method=view (search by inmate number, click on "View Infractions") (last visited Dec. 20, 2021).

[2] On May 9, 2021, Watkins received a disciplinary infraction for disobeying an order. See N.C. Dep't of Pub. Safety, Offender Pub. Info., https://webapps.doc.state.nc.us/opi/offender search.do?method=view (search by inmate number, click on "View Infractions") (last visited Dec. 20, 2021).

3

unspecified monetary damages. Id. at 8.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, because the doctrine of respondeat superior does not apply to section 1983 claims, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

To survive frivolity review on a claim that prison conditions violate the Eighth Amendment, a plaintiff must plausibly allege "(1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (alterations omitted); see In re Long Term Admin. Seg. of Inmates Designated as Five Percenters, 174 F.3d 464, 471 (4th Cir. 1999), abrogated on other grounds by, Porter v. Clarke, 923 F.3d 348 (4th Cir. 2019); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). A prisoner must show that "the deprivation of [a] basic human need was objectively sufficiently serious." Strickler, 989 F.2d at 1379 (emphasis and quotation omitted). "Only an extreme deprivation, that is, a serious or significant physical or emotional injury resulting from the challenged conditions, or substantial risk thereof, will satisfy the objective component of an Eighth Amendment claim challenging the conditions of confinement." De'lonta, 708 F.3d at 525 (quotation omitted); see Rish, 131 F.3d at 1096.

4

A prisoner also must show that the prison official subjectively acted with deliberate indifference to the inmate's health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 834–35 (1994); De'lonta, 708 F.3d at 525; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. Although "deliberate indifference entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835; see Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004). Deliberate indifference requires that an official actually know of and disregard an objectively serious condition, medical need, or risk of harm. See id. at 837; De'lonta, 708 F.3d at 525. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see Makdessi v. Fields, 789 F.3d 126, 133–35 (4th Cir. 2015). A prisoner's failure to give advance warning of, or protest exposure to, the risk does not conclusively show that a prison official lacked actual knowledge. See Makdessi, 789 F.3d at 134–35. Instead, "[a] prison official's subjective actual knowledge can be proven through circumstantial evidence." Id. at 133. "[A]n injury might be so obvious that the factfinder could conclude that the guard did know of it because he could not have failed to know of it." Id. In addition, the prison official "must also have recognized that his actions were insufficient to mitigate" the objectively serious condition, medical need, or risk of harm. Iko, 535 F.3d at 241 (quotation and emphasis omitted). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley v. Albers, 475 U.S. 312, 319 (1986), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010); see Wilson v. Seiter, 501 U.S. 294, 298–99 (1991). Thus, deliberate

5

indifference "sets a particularly high bar to recovery." Iko, 535 F.3d at 241.

As for Watkins's allegation that Reams confiscated his extra mattress and informed him that he could not have outside recreation for 90 days, Watkins fails to plead a constitutional claim. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 349 (1981); Williams v. Branker, 462 F. App'x 348, 354 (4th Cir. 2012) (unpublished); Five Percenters, 174 F.3d at 471–72; Nunn v. N.C. Legis., No. 5:14-CT-3190-FL, 2015 WL 1713885, at *3 (E.D.N.C. Apr. 15, 2015) (unpublished), aff'd, 620 F. App'x 173 (4th Cir. 2015) (per curiam) (unpublished); Ham v. Sly, No. 6:12-CV-02998-JMC, 2014 WL 811542, at *5 (D.S.C. Mar. 3, 2014) (unpublished). To the extent Watkins contends that prison staff (including Reams) confiscated his extra mattress in retaliation for filing grievances, Watkins must plausibly allege that "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) (quotation and alterations omitted); see Booker v. S.C. Dep't of Corr., 855 F.3d 533, 540, 544 (4th Cir. 2017); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005). Watkins's allegations are "conclusory assertions about the defendants' motivations with no facts stated to connect their actions with his constitutionally protected conduct." Thompson v. Clarke, No. 7:17CV00010, 2018 WL 1547360, at *5 (W.D. Va. Mar. 29, 2018) (unpublished); see Adams, 40 F.3d at 74. Thus, the court dismisses Watkins's claims against Reams.

As for Watkins's allegations concerning Davis's "verbal vulgar abuse[,]" the alleged conduct does not violate the Constitution. See, e.g., Cameron v. Bonney, 523 F. App'x 969, 970 (4th Cir. 2013) (per curiam) (unpublished); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990)

6

(collecting cases), aff'd, 917 F.2d 1302, 1990 WL 174653 (4th Cir. 1990) (per curiam) (unpublished table decision). Moreover, to the extent Watkins relies on a violation of prison policy, a prison-policy violation that does not result in a constitutional violation does not create a viable claim under section 1983. See, e.g., Danser v. Stansberry, 772 F.3d 340, 348–49 (4th Cir. 2014); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam) (unpublished). Thus, the court dismisses Watkins's claims against Davis.

II.

In sum, the court DISMISSES plaintiff's complaint [D.E. 3] for failure to state a claim under 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

SO ORDERED. This 20 day of December, 2021.

JAMES C. DEVER III
United States District Judge

7